[Civ. No. 7565.   Second Appellate District, Division One.—March 6, 1933.]

EVELYN KERSCHNER, Respondent, v. FISK TIRE AND RUBBER COMPANY, INC. (a Corporation), et al., Appellants.

Hubert F. Laugharn and Francis B. Cobb for Appellants.

Clarence Hansen for Respondent.

YORK, J.—This is an appeal from a judgment in favor of respondent in an action for malicious prosecution.

The facts out of which the action arose are as follows: On September 17, 1928, an action was filed in the Municipal Court of Los Angeles County by appellants Bruhnke & Silver against P. E. Kerschner, the husband of respondent Evelyn Kerschner. A writ of attachment was issued directed to Charles R. Thomas, marshal of said court, with instructions to attach a Studebaker automobile which was owned by and in the possession of said respondent Evelyn Kerschner. Immediately thereafter respondent filed with said Marshal Thomas her verified third-party claim setting up her title, ownership and right of possession to said automobile and demanding its release from attachment. Thereupon appellants Bruhnke & Silver filed an amended complaint making said respondent a defendant therein, and caused an *alias* writ of attachment to issue, pursuant to which Marshal Thomas reattached and took possession of the automobile. Respondent filed answer to complaint, and on or about November 7, 1928, the matter came to trial in the municipal court and judgment was rendered against appellants Bruhnke & Silver and in favor of respondent for her costs, which judgment was later satisfied, and at the same time a judgment was rendered in favor of appellants Bruhnke & Silver against P. E. Kerschner, respondent's husband. On November 12, 1928, respondent demanded release of her automobile from Marshal Thomas and from appellants Bruhnke & Silver. The latter, on the twenty-first day of November, 1928, deposited with Marshal Thomas a surety bond, and by instructions in writing and an execution issued

on their judgment against P. E. Kerschner did instruct Marshal Thomas to levy on and sell the said automobile. In reliance upon these instructions and said execution, Marshal Thomas on December 12, 1928, sold respondent's automobile to appellants Bruhnke & Silver, who in turn sold the same to the Fisk Tire Company, applying the proceeds of said sale under execution to the credit of the judgment held by them against P. E. Kerschner.

On December 12, 1928, respondent Evelyn Kerschner filed an action in the municipal court against Marshal Charles R. Thomas for conversion and trespass *ab initio* for the value of said automobile, in which case judgment was rendered in respondent's favor for the sum of $500, the value of said automobile. On June 17, 1929, an execution issued on said judgment and was placed in the hands of the sheriff with instructions to levy and collect the same. On the twenty-seventh day of June, 1929, appellants Bruhnke & Silver caused an execution to issue in their action against P. E. Kerschner and placed the same in the hands of the sheriff with instructions to levy on the judgment of $500 entered in the action of respondent Evelyn Kerschner against Charles R. Thomas, and on the twenty-seventh day of June, 1929, the said sheriff levied upon said judgment against said Charles R. Thomas for the purpose of satisfying the balance of the judgment held by said Bruhnke & Silver against P. E. Kerschner. On July 19, 1929, said Thomas filed a complaint in interpleader in the Superior Court of Los Angeles County, and on the thirtieth day of July, 1929, a notice of motion for an order to interplead came on for hearing and was denied. On the same day the said Charles R. Thomas satisfied said judgment entered against him in the action by respondent against him.

On the fifth day of August, 1929, an action was commenced in the Superior Court of Los Angeles County by respondent herein against appellants for malicious prosecution, wrongful attachment and damages, and judgment was thereafter rendered in her favor. It is from this last-named judgment that this appeal is taken.

Appellants now contend that the court erred in denying their motion for nonsuit; that the evidence is insufficient to support certain of the findings of fact; that certain of the findings of fact are contrary to the evidence; that the

judgment is not supported by the evidence and is contrary thereto. In support of appellants' position as to their first assignment of error, they claim that there was a failure to show lack of probable cause and a failure to prove malice.

■ The evidence is sufficient to show not only that the manager for the plaintiffs in the first action knew within a week or ten days following the first attachment that the car was registered in the name of Mrs. Kerschner, and that when it was again attached and sold under execution he knew it was so registered, but also to prove that he was without knowledge of facts warranting a belief that the automobile was not her property. With this knowledge in mind it cannot be said, as against findings to the contrary, that the appellants were warranted in believing that they had the right to attach the automobile after respondent had filed her third-party claim and demanded possession of her car, nor that they had the right to levy upon said automobile under a writ of execution and sell it to satisfy a judgment they held against respondent's husband. We believe this clearly shows want of probable cause, and that malice may be inferred therefrom. "The want of probable cause does not raise a legal presumption of malice; the law presumes nothing on that issue any more than it does on any other issue of fact in a civil action. The jury may, however, if they find that there was no probable cause for the prosecution, infer malice therefrom, although malice is not a necessary inference to be deduced therefrom." (*Burke* v. *Watts*, 188 Cal. 118, 126 [204 Pac. 578, 581].)

With this showing of lack of probable cause, and the inference of malice therefrom, there was no error by the court in its denial of appellants' motion for nonsuit.

A careful examination of the evidence convinces us that each of the findings made by the trial court is amply supported, and that the judgment is in consonance with and supported by the evidence.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 4, 1933, and the following opinion then rendered thereon:

THE COURT.—Appellants in their petition suggest that this court in its decision failed to take into consideration the contentions of appellants, *first*, that the evidence is not sufficient to support the finding "that P. E. Kerschner did not have possession, nor was he the owner of the said Studebaker automobile on the said October 2, 1928". *Second*, the contention of appellants to the effect that respondent in her action against Charles R. Thomas recovered as damages the value of the automobile *"with interest from the date of the alleged conversion"*.

The first of the foregoing contentions is accompanied by a discussion of section 3440 of the Civil Code and its provisions concerning fraudulent transfers. The trial court, in making its finding with reference to ownership and possession of the automobile at and prior to October 2, 1928, made such finding upon conflicting evidence, which, however, was sufficient to authorize the inference which the court drew from the evidentiary facts. For that reason it did not seem to us necessary to enter into an extended discussion of the law covering that branch of the controversy.

The second point above mentioned is without support in the record. The judgment in the Thomas case allowed as damages the value of the automobile at the time of its seizure, but was silent on the subject of interest; and, in fact, the only interest allowed or paid in satisfaction of that judgment was the statutory interest on the judgment as entered. Therefore, the point urged by appellants, viz., that respondent having recovered interest on the value of the automobile during the period of detention, should not be permitted to recover the same element of damages a second time, is without merit.

The petition for rehearing is denied.